Pearson, C. J.
 

 We differ
 
 from his Honor
 
 upon
 
 the
 
 first point, by the plaintiff, and forwarded to the secretary of the compapany, was not, in the opinion of this Court, a
 
 full
 
 compliance with the condition of the policy, which requires “all persons sustaining loss or damage by fire,
 
 forthwith to give notice thereof to the
 
 secretary, and within thirty days after the loss to deliver a particular account of such loss or damage, signed with their own hands, and verified by oath or affirmation,” &c. This condition imposes two duties; the latter was com
 
 *435
 
 plied with, but the former was not, and consequently, the plaintiff was not entitled to recover, according to the decision in
 
 Woodfin
 
 v.
 
 Asheville Insurance Company, 6
 
 Jones’ Rep. 558.
 

 The first, or general notice is required to be given
 
 “forth
 
 with.,” to enable the company, as soon after the loss as practicable, to institute proper enquiry; and the second, or particular notice, within thirty days. It was not proven that any notice was given until after the expiration of some
 
 twenty lays.
 
 This, certainly does not satisfy the word “forthwith,” which must be construed, considering the purpose for which it is required, to mean
 
 immediately,
 
 or within reasonable time; and, under the circumstances, the rule which has been adopted in regard to bills of exchange, i. e. on the same day, if in the same town, or else by the next mail, would seem to furnish a fit analogy. As this point is decisive, we will not enter upon the other, especially as the statement, made up by his Honor, and his charge in reference to it, are not so clearly set out as to enable us to see, that we understand it. There is error.
 
 Venire de novo.
 

 Per Curiam,
 

 Judgment reversed»,