## THE RAILWAY PASSENGER ASSURANCE COMPANY OF HARTFORD v. BURWELL.

ACCIDENT INSURANCE.—*Notice.—Words.—"Immediate."*—An accident insurance policy required immediate notice to be given to the insurance company of an injury to the insured.

*Held*, that a notice given six days after the alleged injury, which happened in the city where the policy issued, and where the company had a resident agent, was too late, where no excuse was shown for the delay. The word "immediate" in such case is not to be literally construed, but the notice must be given within a reasonable time, according to the circumstances of the particular case.

SAME.—*Proofs.—Preliminary.*—The policy contained this provision: "Provided always, that no claim shall be made under this policy by the said insured in respect to any injury, unless the same shall be caused by some outward or visible means, of which proof satisfactory can be furnished."

*Held*, that this did not require the insured to furnish proofs of the character and extent of the injury before bringing suit.

PRACTICE.—*Instructions to Jury.*—It was error for the court to charge the jury that they might consider circumstances excusing the delay in giving notice of the injury, where no such matters of excuse were proved.

*Semble*, that, in the absence of proper averments, evidence of matters of excuse would not be admissible.

### From the Tippecanoe Common Pleas.

*J. A. Stein*, for appellant.

DOWNEY, C. J.—The judgment below, in this case, was in favor of the appellee and against the appellant. Three errors are assigned in this court by the appellant. The first is the overruling of the demurrer of the appellant to the complaint. The second is the refusal of the court to grant a new trial on the motion of the appellant. The third presents no question and need not be further noticed.

The complaint is as follows:

"Benjamin Burwell complains of The Railway Passenger Assurance Company, of Hartford, Connecticut, and says that the defendants are a corporation organized by and under the laws of the State of Connecticut, and by them duly authorized agents doing business in the State of Indiana, according to the statutes in such cases made and provided;

that said company, at the time hereinafter mentioned, in accordance with the objects of their incorporation, were engaged in the business of insuring persons against accidents and accidental injuries; that on the 19th day of June, 1867, in consideration of the payment by the plaintiff of the premium of seventy-five cents, the defendants, by their agent duly authorized thereto, made their policy of insurance printed and written, which is hereto attached and made a part of this complaint, marked A., and thereby insured the plaintiff for the period of three days, commencing on the day aforesaid at nine o'clock in the forenoon, in the sum of five thousand dollars, against any accident resulting in death ; and in case of personal injury to the plaintiff causing total disability for a period of not exceeding twenty-six weeks, the defendant agreed to pay to the plaintiff the sum of twenty-five dollars for each and every week of such disability.  Plaintiff further says that said written and printed policy is in tabular form according to form three, for convenience used by said company, whereby the year, month, day of the week, and hour of the execution of said policy are indicated by cancelling certain figures ; the row of figures or numerals on the right hand margin of said policy were designed and used by said company to indicate the year ; the two columns immediately left of said last described numerals were designed to indicate the month in the order named ; the two lines of numerals at the top margin were designed and used to indicate the day of the month, and those on the bottom margin to indicate the hour of the day ; and the dating was effected by cancelling the numbers in each line respectively according to the date of the execution of the policy ; and in accordance with such form and rule, the defendant, in the plaintiff's policy, cancelled the numbers and word ' 67,' ' June,' ' 19,' and ' 9,' thereby signifying that said policy was executed at the time first stated.  And afterward, to wit, on the 19th day of June, 1867, after the execution of said policy, and after the hour of nine o'clock, the plaintiff, while engaged in the act of making repairs in a

church, and near the ceiling thereof, accidentally slipped from a ladder upon which he was standing, and was precipitated to the floor, in his fall striking the tops of the pews beneath him, whereby he was seriously injured in his spine, hips, and internal parts, and wholly and totally disabled for the space of thirty weeks from prosecuting his ordinary business or any business whatever; that is to say, for more than twenty-six weeks as limited in said policy. And afterward, to wit, on the 25th day of June, 1867, the plaintiff gave the defendant due notice, in accordance with the terms of said policy, of his said injury, and demanded the payment of seventy-five dollars per week for the time elapsed at the time of said notice; and after the expiration of said twenty-six weeks he demanded the payment of twenty-five dollars for each week thereof, which payment the defendants failed and refused to make, and failed to pay any part thereof, and do still refuse, although the same, in the sum of six hundred and fifty dollars, with interest, has long since been due and payable; wherefore," etc.

Aside from the marginal figures and words alluded to above, the ticket or policy reads as follows:

"Railway Passenger Assurance Company, of Hartford, Connecticut.

"This ticket insures Benjamin Burwell, of Lafayette, Indiana, in the sum of five thousand dollars, for the term of three days from and after date as cancelled. Not transferable. Premium, seventy-five cents.

"H. T. SPERRY, Sec."

On the back of the ticket was the following indorsement:

" General accident contract.

" 5,000. The Railway Passenger Assurance Company, of Hartford, Connecticut, will pay the owner of this ticket twenty-five dollars per week in case of personal injury causing total disability for a period not exceeding twenty-six weeks, or the sum of five thousand dollars to his legal representatives, in the event of his death from personal injury ensuing within three months from the happening thereof,

when caused by any accident within the settled limits of the United States and Territories or the British North American possessions.   Insurance on any one life is limited to ten thousand dollars, and no person holding a policy or a ticket will be entitled to receive in excess of that sum or proportionate compensation.

" Provided always, that no claim shall be made under this policy by the said insured in respect of any injury, unless the same shall be caused by some outward or visible means, of which proof satisfactory can be furnished ; and this assurance shall not extend to any injury caused by or arising from natural disease, or by any surgical operation rendered necessary by disease, or to any death caused by duelling or fighting, or other breach of the law on the part of the insured, whether felonious or otherwise, or by suicide, or by war, or invasion, or happening when the insured is in a state of intoxication, or by his wilfully exposing himself to any unnecessary danger or peril.

" Provided always, that all sums which may from time to time be paid by way of compensation to the said insured, by virtue of this policy, shall be accounted in diminution of the sum hereby insured.   In case of death or personal injury, immediate notice must be given to the company or one of its agents.

" J. G. BATTENSON, President.

"GEORGE B. WRIGHT, Managing Director 5th Div."

The first objection to the complaint urged by counsel for the appellant is, that it does not show the giving of notice of the accident in time ; that it shows that six days elapsed, after the happening of the accident, before notice was given. This, it is insisted, was not in time according to the conditions of the policy, which require "immediate notice."   It is urged that if there were circumstances which excused the assured from giving notice at an earlier day, the circumstances should have been alleged in the complaint.

It may, we think, be inferred, although the fact is not expressly alleged in the complaint or shown on the face of

the policy, that the company had an agent in the city of Lafayette, and that the insurance was there effected, and also that the insured resided in that city. It is of the highest importance that immediate notice of an alleged accident, within the terms of the policy, should be given to the company. The company can then, by its own surgeon or otherwise, examine into the facts relating to the accident, and determine whether it is simulated or real. As there are no circumstances of excuse for the apparent delay stated in the complaint, and as it is not alleged that immediate notice was given, but only that notice was given on the 25th of the month, we have only to decide whether or not this is sufficient. What is "immediate notice," or "notice forthwith," in such cases, is held to depend on the particular circumstances of each case. Phillips Ins. 1806; *The Provident, etc., Co.* v. *Baum,* 29 Ind. 236. The words are not to be construed literally, but as requiring the act to be done in a reasonable time under the attending circumstances. We are of the opinion that the complaint is defective in this respect, for the want of an allegation of earlier notice of the happening of the accident, or the averment of some legal and proper excuse for not having given the notice sooner.

The other objection to the complaint is, that it is not shown that proof of the happening of the accident was furnished to the company by the insured. It is claimed that the conditions of the policy require this as an act precedent to the right to recover the amount stipulated. The language of the condition on this subject is as follows: "Provided always, that no claim shall be made under this policy by the said insured in respect of any injury, unless the same shall be caused by some outward or visible means, of which proof satisfactory can be furnished." This language does not require that proofs shall be made and presented to the company as an act precedent to a right to recover. The injury must be caused by some outward or visible means, of which proof "can be furnished," but the language does not import that such proof must be made before there is a right

of recovery. The proof may be made, we presume, on the trial of the cause, without having been previously made and furnished. There is no rule of law requiring such proof as an act precedent to a right of recovery. The question depends on the language of the policy or the condition. In this case, we think the language does not create a condition precedent, requiring the making and furnishing of such proofs, in order to fix the right to recover. When the accident has occurred within the policy, and notice has been given as required, the cause of action has accrued.

The defendant answered:

1. General denial.

2. That the accident which happened to, and the injuries suffered by, the said plaintiff in consequence thereof, as described in his complaint, were caused by his own wilful neglect, and in consequence of his exposing himself to unnecessary danger and peril.

3. That the plaintiff purchased the assurance contract whereon he sues, for the express purpose and with the fraudulent intention to suffer or commit a personal injury to himself, which might be the basis of a claim against the defendant under said contract, and that the injuries charged in his complaint were of his own procurement, for the sake of effecting such fraud.

Reply by general denial to the second and third paragraphs of the answer. There was a trial of the issues by a jury, and a verdict for the plaintiff. The defendant moved the court for a new trial which was denied, and judgment was rendered on the verdict. Several questions relating to the refusal of the court to admit evidence, and to the instructions, are discussed under the alleged error relating to the overruling of the motion for a new trial. The court gave this instruction to the jury: " If the jury believe from the evidence, that the plaintiff was injured on the 19th day of June, 1867, and at the time he believed the injury would probably cause a disability which would be covered by his

The Railway Passenger Assurance Co. of Hartford *v.* Burwell.

insurance, and that the agent of the company, in the knowledge of the plaintiff, lived in the same city with him, and in which he received the injury, it was the duty of the plaintiff to give notice to the company or its agent immediately, and if no notice was given within the space of five days, the notice would not be immediate." This portion of the instruction is in accordance with the law as we have already stated it, and it appears to us that under the law as thus stated, the court should have sustained the demurrer to the complaint, instead of overruling it. The court, however, made this further statement to the jury : "But if the jury believe that the plaintiff was injured, but that he did not expect the injury would be such an one as would be covered by his policy, that he endeavored, in good faith, to convey information to the agent of the company the next morning after the injury was sustained, and that he did give notice to the defendant, after ascertaining that the injury would be covered by the policy, then the notice is sufficient in law." This part of the charge was clearly erroneous. There was not the least ground, in the evidence, for the assumption that the plaintiff " did not expect the injury would be such an one as would be covered by his policy, or that he endeavored, in good faith, to convey notice to the agent of the company." The evidence, uncontradicted, and that from the plaintiff himself, shows that he had the advice of his physician on the evening of the 19th, and then sent notice by his son to Dresser, the agent of another company in which he had another policy, of the accident ; that Dresser called on him on the morning of the 20th, when he sent word by him to the agent of the defendant, but which word was not received. It thus appears that the plaintiff had determined to set up a claim under the policy as early as the evening of the 19th, the same day on which the accident happened, and that he then knew as well as he did at any subsequent time, that the injury would be such an one as would be covered by his policy. When the plaintiff requested Dresser to carry the notice to the agent

of defendant, he made him his agent for that purpose, and must be accountable for his omission just as if it had been his own omission. The failure of Dresser to give the notice cannot make the act of the plaintiff a *bona fide* endeavor to give the notice, nor shield him from the consequences of want of notice.

This part of the charge is liable to another objection. If it be conceded that it is not objectionable because of the reasons already given, and that the plaintiff did not suppose the injury covered by the policy in the first place, and if the attempted notice was in good faith, and the failure therefore excusable, still it was not proper for the court to say to the jury that if the assured gave notice to the defendant, " after ascertaining that the injury would be covered by the policy, then the notice is sufficient in law," without any limitation by the court as to time. Notice at any time afterward would be sufficient under this part of the charge. This clearly could not be correct.

As we have already seen, there was no averment in the complaint of any circumstances to excuse the failure to give notice immediately after the injury; and hence any evidence of such circumstances would seem to have no foundation in the pleadings to rest upon; and for this reason, also, the part of the instruction in question may have been improper.

Some other questions are discussed, but they need not be considered.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.