## QUINLAN *v.* PROVIDENCE WASHINGTON INS. CO.

*(Supreme Court, General Term, Fourth Department.   July, 1891.)*

INSURANCE—CONDITIONS OF POLICY—NOTICE AND PROOFS OF FIRE.

A provision of a fire insurance policy that, if a fire occurred, the insured should give immediate notice in writing to the company of any loss thereby, and within 60 days after the fire furnish to the company verified proofs of a loss, is a condition precedent, and no recovery can be had on such policy where notice of loss was not given until 33 days after the fire, and proofs of loss were not given until nearly 7 months after the fire.

Appeal from circuit court, Jefferson county.

Action by Daniel Quinlan against the Providence Washington Insurance Company, of Providence, R. I.   The complaint was dismissed, and plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Mullin & Griffin,* for appellant.   *A. H. Sawyer,* for respondent.

MARTIN, J.   This action was to recover $500, with interest, upon a three-years policy of insurance issued by the defendant to the plaintiff, July 12, 1887.   The premises insured consisted of a dwelling-house situated at Cape Vincent, N. Y.   The policy was the standard insurance policy of the state of New York, and contained a stipulation that it should be void, unless otherwise provided by agreement indorsed thereon or added thereto, if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by the policy by virtue of any mortgage or trust-deed.   It further provided that, if a fire occurred, the insured should give immediate notice in writing to the company of any loss thereby, and within 60 days after the fire furnish to the company verified proofs of the loss.   It also contained the following provision: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless

so written or attached." The plaintiff subsequently gave a mortgage on the property covered by the policy, which was being foreclosed, to the knowledge of the plaintiff, when the fire by which the building was destroyed occurred. There was no agreement indorsed on or added to the policy changing the stipulation in relation to the commencement of proceedings to foreclose any mortgage thereon. No notice whatever of the fire was given by the plaintiff to the defendant. More than a month after the fire occurred, Kelsey, a former agent of the defendant, wrote to it that the property had burned. No proofs of loss were furnished by the plaintiff until nearly seven months after the fire occurred. At the close of the evidence, the defendant moved for a nonsuit on the grounds (1) that there had been no notice of loss given in conformity with the provisions of the policy; (2) that no proofs of loss were served within 60 days, as the policy required; and (3) upon the ground of a violation of the condition of the policy in reference to foreclosure proceedings. The motion was granted, and the plaintiff excepted.

The condition in the policy requiring immediate notice of loss was a precedent one, and its non-performance was a bar to the plaintiff's recovery. *Sherwood* v. *Insurance Co.*, 10 Hun, 593, 595; *Insurance Co.* v. *McGookey*, 33 Ohio St. 555. If it were admitted, which it is not, that the letter of Kelsey to the defendant constituted a notice of loss, still, as it was not written until 33 days after the fire occurred, it was not a compliance with the requirements of the policy to give immediate notice. *Inman* v. *Insurance Co.*, 12 Wend. 460; *Brown* v. *Assurance Corp.*, 40 Hun, 101; *Trask* v. *Insurance Co.*, 29 Pa. St. 198; *Edwards* v. *Insurance Co.*, 75 Pa. St. 378; *Roper* v. *Lendon*, 1 El. & El. 825; *Connell* v. *Insurance Co.*, 18 Wis. 387; *Whitehurst* v. *Insurance Co.*, 7 Jones, (N. C.) 433; *Assurance Co.* v. *Burwell*, 44 Ind. 460. In most of the cases cited the provision in the policy was that the insured should "forthwith" give notice of loss, while in the policy in suit the insured was required to give "immediate" notice; yet it was held in those cases than an omission to give such notice for a time varying from 6 to 40 days was not a compliance with the requirements of the policy, and barred a recovery. We think the plaintiff failed to give the defendant the notice of its loss required by the policy, and that such failure was a bar to this action. We are likewise of the opinion that the plaintiff's failure to furnish the defendant with proofs of loss until nearly 7 months after the fire occurred, when the policy required them to be furnished within 60 days, was also a bar to the plaintiff's action. The furnishing of such proofs was a condition precedent to the plaintiff's right of recovery. *Underwood* v. *Insurance Co.*, 57 N. Y. 500; *Blossom* v. *Insurance Co.*, 64 N. Y. 162; *O'Brien* v. *Insurance Co.*, 63 N. Y. 111; *McDermott* v. *Insurance Co.*, 44 N. Y. Super. Ct. 221; *Bell* v. *Insurance Co.*, 19 Hun, 238. The pendency of the action to foreclose the mortgage on the premises, without notice to or consent by the defendant, rendered the policy void, and the plaintiff could not recover on that ground. *Titus* v. *Insurance Co.*, 81 N.Y. 410. As we find no evidence that would have justified the court in holding that any of these provisions had been waived by the defendant, or in submitting the question of waiver to the jury, we conclude that the motion for a nonsuit was properly granted, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.