CALIFORNIA SAV. BANK OF SAN DIEGO v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court, S. D. California.   April 18, 1898.)

No. 706.

1. FIDELITY INSURANCE—CLAIM OF LOSS—LIMITATION.
    A condition in a fidelity insurance bond that any claim thereunder shall be made as soon as practicable after discovery of the loss, and within six months after the expiration of the bond, is a material stipulation, and a condition precedent to recovery thereon.

2. SAME.
    The fact that an insurer in a bond of fidelity insurance has actual knowledge of a loss does not excuse the insured from giving notice thereof within the time prescribed by the conditions of the bond.[1]

This was an action by the California Savings Bank of San Diego against the American Surety Company of New York upon a bond of indemnity insurance.   The case was heard on a demurrer to the amended complaint.

McDonald & McDonald and D. C. Collier, Jr., for plaintiff.
Allen & Flint, for defendant.

WELLBORN, District Judge.   A demurrer to the complaint in this action was sustained October 18, 1897.   Thereafter, by leave of the court, the plaintiff filed certain amendments, and the present hearing is on a demurrer to the complaint as thus amended.   The general nature of the action is shown in the following extract from my opinion on the former demurrer:

"This action is upon two bonds, each of which obligates the defendant, subject to certain provisions, to reimburse any loss sustained by plaintiff through the fraud or dishonesty of the employés therein named; the employé named in one bond being John W. Collins, plaintiff's vice president, and in the other Frederick T. Hill, plaintiff's cashier. The amounts sued for are $18,000 on one of the bonds.(that of Collins), and $15,000 on the other, making a total of $33,000. There are three counts in the complaint. The first and second counts are based, respectively, on said bonds, while the third count is virtually a union of the causes of action set forth in the two preceding counts. A demurrer on numerous grounds has been interposed to each count. As the three counts are identical, except as to amounts and names of employés, it will only be necessary to particularly notice the first one." 82 Fed. 866.

The bond sued on in said first count contains, among other provisions, the following:

"Now, therefore, in consideration of the sum of ninety dollars, lawful money of the United States of America, in hand paid to the company as premium for the term of twelve months ending on the first day of July, one thousand eight hundred and ninety-two, at 12 o'clock noon, it is hereby declared and agreed: That, subject to the provisions herein contained, the company shall, within three months next after notice, accompanied by satisfactory proof of a loss as hereinafter mentioned, has been given to the company, make good and reimburse to the employer all and any pecuniary loss sustained by the employer of moneys, securities, or other personal property in the possession of the employé, or for the possession of which he is responsible,

---

[1] As to fidelity insurance generally, and requirements as to notice of loss, see note to Indemnity Co. v. Wood, 19 C. C. A. 273.

by any act of fraud or dishonesty, on the part of the employé, in connection with the duties of the office or position hereinbefore referred to, or the duties to which in the employer's service he may be subsequently appointed, and occurring during the continuance of this bond, and discovered during said continuance, or within six months thereafter, and within six months from the death or dismissal or retirement of the employé from the service of the employer. * * * That the company shall be notified in writing, at its office in the city of New York, of any act on the part of the employé which may involve a loss for which the company is responsible hereunder, as soon as practicable after the occurrence of such act shall have come to the knowledge of the employer. That any claim made in respect of this bond shall be in writing, addressed to the company as aforesaid, as soon as practicable after the discovery of any loss for which the company is responsible hereunder, and within six months after the expiration or cancellation of this bond, as aforesaid; and upon the making of such claim this bond shall wholly cease and determine as regards any liability for any act or omission of the employé committed subsequent to the making of such claim, and shall be surrendered to the company on payment of such claim. * * * That the employer shall, if required by the company, and as soon thereafter as it can reasonably be done, give all such aid and information as may be possible (at the cost and expense of the company), for the purpose of prosecuting and bringing the employé to justice, or for aiding the company in suing for and making effort to obtain reimbursement, by the employé or his estate, of any moneys which the company shall have paid or become liable to pay by virtue of this bond. That no suit or proceeding at law or in equity shall be brought to recover any sum hereby insured, unless the same is commenced within one year from the time of the making of any claim on the company. That no one of the above conditions, or of the provisions contained in this bond, shall be deemed to have been waived by or on behalf of the said company, unless the waiver be clearly expressed in writing over the signature of its president and its secretary, and its seal thereto affixed."

After setting out said bond in full, and alleging the breaches thereof, said count, as amended, proceeds thus:

"That said Collins committed suicide on or about the 7th day of March, 1892, and that all of his above-stated fraudulent and dishonest acts, and the loss thereby occasioned to the plaintiff, were discovered by it within the period of six months next ensuing after the death of said Collins. That the plaintiff duly kept and performed all the conditions of said bond on its part to be kept and performed, and on the 16th day of December, 1895, notified the defendant in writing at its office in the said city of New York of each and all of the above stated breaches of said bond by said Collins, including the date and manner thereof, and the resultant loss to the plaintiff by and from said breaches, and at the same time and place served upon the defendant proof of the loss referred to in said notice, by delivering to it a written itemized statement of such loss, based upon the accounts of the plaintiff, certified by the president of the plaintiff and under its corporate seal, to be correct and true in every particular, and that the same was based upon the accounts of the plaintiff, and demanded from the defendant payment of the full penalty of the said bond; but to pay the same or any part thereof the defendant then and there failed, neglected, refused, and has ever since failed, neglected, and refused. But the plaintiff avers that, although it did not notify the defendant of said acts of said Collins and the loss thereby occasioned to the plaintiff, nor make proof of said loss or demand payment thereof, until the 16th day of December, 1895, as aforesaid, that the defendant became and was fully advised and informed in the month of May, 1892, of and concerning all the aforesaid breaches of said bond by said Collins, and the loss thereby occasioned to the plaintiff, and acted upon such knowledge, and in pursuance thereof did every act and thing that it might, would, or could have done to protect its interests in the premises if formal notice of such loss had been given it by the plaintiff in said month of May, 1892."

Defendant rests its demurrer upon numerous grounds, among them the following: First, that no claim in respect to the bond

sued on was made on the company within six months after the expiration of the bond; second, that the company was not notified of the alleged fraudulent and dishonest acts of the employé, nor was proof of loss furnished, as required by the bond.

1. Plaintiff contends that, inasmuch as said bond was executed at San Diego, Cal., it is a California contract, and governed by the laws of said state; citing Wall v. Society, 32 Fed. 275, 276; Berry v. Indemnity Co., 46 Fed. 441, 442; Indemnity Co. v. Berry, 1 C. C. A. 561, 50 Fed. 511; Insurance Co. v. Robison, 54 Fed. 582, 588; and Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822. This contention, doubtless, is well taken. Following out the line of argument indicated, plaintiff quotes, as applicable here, the following: "A policy may declare that a violation of specific provisions thereof shall avoid it; otherwise the breach of an immaterial provision does not avoid the policy." Civ. Code Cal. § 2611. The implication, of course, from this section, is that the breach of a material provision does avoid the policy. Conceding the applicability of said section, which, although a local enactment, is simply declaratory of general principles, the question involved in the first of the above-mentioned grounds of demurrer may be stated thus: Is the requirement of the bond, as to the time within which any claim in respect thereto must be presented, a material provision?

No case in point has been called to my attention, although the parties have cited many decisions, hereinafter referred to, construing the requirements of the bonds or policies respectively involved as to notice and proof of loss. Under the peculiar terms of the bond in the case at bar, however, I think no other than an affirmative answer to the question above stated is possible. Said bond provides "that no suit or proceeding at law or in equity shall be brought to recover any sum hereby insured unless the same is commenced within one year from the time of the making of any claim on the company." This provision, without doubt a material one, is valid. Riddlesbarger v. Insurance Co., 7 Wall. 386; Davidson v. Insurance Co., 7 Fed. Cas. 37; 2 May, Ins. (3d Ed.) § 478. In order to be effective, however, according to the obvious intent of the parties, it must be aided by the other requirement, now under consideration, that any claim in respect to the bond shall be made as soon as practicable after the discovery of the loss, and within six months after the expiration of the bond. Thus the parties, by their contract, have made the requirement, as to the time within which the claim for a loss shall be presented, a material provision. To hold that said requirement is immaterial would, in effect, annul the former unquestionably material clause, limiting the time for the commencement of suit. The bond expired June 30, 1892. No claim was made upon the company until December 16, 1895, so that the only claim made upon the company was made more than three years after the time when, by the contract, it should have been presented. The failure of the plaintiff to make claim within the time prescribed by the bond I think fatal to its case.

2. The bond in the case at bar does not prescribe any time within which the proof of loss shall be furnished, but simply that the

right of action shall not accrue until 90 days after such proof is furnished. The bond, however, does expressly provide "that the company shall be notified in writing, at its office in the city of New York, of any act on the part of the employé which may involve a loss for which the company is responsible hereunder, as soon as practicable after the occurrence of such act shall have come to the knowledge of the employer." The fraudulent acts of the employé, as alleged in the amendments to the complaint, were discovered by plaintiff within six months next after March 7, 1892,—that is, not later than September 7, 1892, or, construing the allegations most strongly against the pleader, March 8, 1892,—and yet the written notice of such acts was not given to the defendant until December 16, 1895, more than three years after the time within which, according to the terms of the bond, it should have been given. Was this such a failure of performance on the part of the plaintiff as will defeat a recovery?

Plaintiff contends that the requirement of the bond, as to notice, was "formal,"—that is, "immaterial,"—in the sense of the section of the California Code hereinbefore quoted, citing the following authorities: 7 Am. & Eng. Enc. Law, pp. 1048, 1049, subd. 8; Ostrand. Ins. (2d Ed.) p. 523; Insurance Co. v. Downs (Ky.) 13 S. W. 882; Insurance Co. v. Brown (Ky.) 29 S. W. 313; Tubbs v. Insurance Co. (Mich.) 48 N. W. 296, 298; Hall v. Insurance Co. (Mich.) 51 N. W. 524, 526; Vangindertaelen v. Insurance Co. (Wis.) 51 N. W. 1123; Steele v. Insurance Co. (Mich.) 53 N. W. 514, 515; Rynalski v. Insurance Co. (Mich.) 55 N. W. 981, 982; Peninsular Land Transp. & Mfg. Co. v. Franklin Ins. Co. (W. Va.) 14 S. E. 240; Association v. Evans, 102 Pa. St. 281; Kahnweiler v. Insurance Co., 57 Fed. 562, 563. All of these cases, except Peninsular Land Transp. & Mfg. Co. v. Franklin Ins. Co. and Association v. Evans, relate to proof, not notice, of loss, and are inapplicable. Notice of the fraudulent acts of an employé, involving a loss, is quite a different thing from proof of the loss; and, as shown by the terms of the contract in the case at bar, the parties themselves deemed such notice "material," although they may have intended otherwise as to proof of loss. With reference to the latter,—that is, proof of loss,—the bond merely provides that the company's liability shall accrue 90 days after the proof has been furnished; and this provision, according to many authorities, does not require proof to be furnished within any particular period, but merely postpones the right of action until such proof is furnished. Notice, however, of the fraudulent acts of the employé, is placed upon an entirely different footing. The contract or bond expressly provides that such notice shall be given as soon as practicable after the occurrence of the fraudulent acts comes to the knowledge of the employer, and the importance—the materiality—of prompt notice, as a matter of protection to the company, is clearly suggested in a subsequent provision of the bond, as follows:

"That the employer shall, if required by the company, and as soon thereafter as it can reasonably be done, give all such aid and information as may be possible (at the cost and expense of the company), for the purpose of prose-

cuting and bringing the employé to justice, or for aiding the company in suing for and making effort to obtain reimbursement, by the employé or his estate, of any moneys which the company shall have paid or become liable to pay by virtue of this bond."

Insurance Co. v. Downs, supra, which is the leading case upon the point that failure to make proof of loss within the time prescribed will not avoid the policy, unless expressly so provided, is inapplicable to the point now under consideration, not only because it relates exclusively to proof of loss, but also for other reasons. In that case the supreme court of Kentucky says:

"The policy before us, like many others, contains stipulation after stipulation rendering the policy void and forfeiting all claim on the part of the insured to a recovery. * * * The contract then proceeds to specify the manner in which the insured shall proceed in case of loss: 'Proceedings in case of loss: He shall forthwith give written notice of such loss or damage to this company, and shall within 30 days render a particular account of such loss or damage, signed and sworn to by them,' etc. * * * It is further provided that the loss shall not be payable until 60 days after the proof of loss has been furnished. The contract then closes with a stipulation 'that no suit or action for the recovery of any claim by authority of this policy shall be commenced until after the amount of such claim has been ascertained by arbitration, as provided, nor until all the conditions, provisions, and requirements of this policy have been complied with by the assured.'"

The court there held that the action was maintainable—First, because the facts that the policy specifically mentioned numerous causes of forfeiture, and that failure to make proof of loss was not among them, indicated that the parties did not intend such failure to be a cause of forfeiture; and, second, because the use of the word "until," in the clause that no suit or action on the policy should be brought until after full compliance by the insured with all the requirements of the policy, showed an intention to make proof of loss a prerequisite to the commencement of suit, rather than an intention to make the furnishing of such proof within the specified period the essence of the requirement. Neither of said reasons which were controlling in Insurance Co. v. Downs exist in the case at bar. Here there is no clause which, in terms, provides for a forfeiture, nor is there any phraseology which implies that the notice to be given the company of the fraudulent acts of the employé was merely a condition precedent to the commencement of suit. On the contrary, the giving of such notice is an unqualified obligation, which the contract imposes upon the plaintiff, and, as I have already shown, of vital importance to the company's protection. Referring to Insurance Co. v. Downs, Mr. Ostrander says:

"In justice to the court of appeals in Kentucky, who heard that case, it is proper that we should mention that, so far as the report discloses, the policy in that suit did not make its conditions and requirements a part of the consideration, nor did it appear that there was any general clause making the liability of the company to pay a loss contingent upon the performance by the insured of all or any of the requirements concerning proofs." Ostr. Ins. (2d Ed.) § 338.

For the reasons above indicated, the case at bar is clearly distinguishable from Insurance Co. v. Downs, and also from most, if not all, of the other cases cited by plaintiff in this connection.

Against the proposition that notice is material, plaintiff quotes as

follows: "In case of loss upon an insurance against fire, an insurer is exonerated, if notice thereof be not given to him by some person insured or entitled to the benefit of the insurance, without unnecessary delay." Civ. Code Cal. § 2633. Plaintiff's argument is that, because the provisions of this section are limited to fire insurance, therefore, under the maxim, "Expressio unius," etc., the failure to give notice without unnecessary delay in the case of any other kind of insurance does not exonerate the insurer, and, consequently, that in all other kinds of insurance policies the requirements as to notice of loss, etc., are immaterial provisions. This last part of the argument, as shown in defendant's reply brief, is a non sequitur. Said section does not purport to construe or deal with contracts which expressly require notice to be given, but it makes notice obligatory upon the insurer, in fire insurance, where the contract fails to provide therefor. Whether or not in other kinds of insurance notice is essential depends upon the contracts which the parties make. Said section, however, does emphasize, in the strongest possible manner, the materiality of notice in the case of fire insurance; and it is believed that in fidelity insurance, which is of recent origin, notice of the fraudulent acts of the employé is of equal, if not greater, importance, for the reason that prompt notification may often enable the insurer to avoid, or secure indemnity for, losses which otherwise would be inevitable or irremediable. The authorities cited by defendant, to the effect that the requirement as to notice of loss is a material provision, and must be strictly complied with in order to enable the employer to recover, are numerous. Ermentrout v. Insurance Co. (Minn.) 65 N. W. 635: Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31, affirming Id. (Sup.) 15 N. Y. Supp. 317; Insurance Co. v. McGookey, 33 Ohio St. 555; Ostr. Ins. (2d Ed.) §§ 221-223; 2 Wood, Ins. §§ 436, 437; 2 May, Ins. § 461; Tayloe v. Insurance Co., 9 How. 403; Riddlesbarger v. Insurance Co., 7 Wall. 390; 4 Enc. Pl. & Prac. 640.

Appended to Ermentrout v. Insurance Co., supra, there is a note as follows:

"The above case is said by counsel to be the only one that covers the precise point in regard to notice, although there are many cases in respect to proofs of loss."

In Riddlesbarger v. Insurance Co., supra, the supreme court of the United States says:

"The conditions in policies requiring notice of losses to be given, and proofs of the amount, to be furnished the insurers within certain prescribed periods, must be strictly complied with to enable the assured to recover. And it is not perceived that the condition under consideration stands upon any different footing. The contract of insurance is a voluntary one, and the insurers have the right to designate the terms upon which they will be responsible for losses."

In Quinlan v. Insurance Co. (Sup.) 15 N. Y. Supp. 317, the policy provided, among other things, that if a fire occurred the assured should give immediate notice in writing to the company of any loss thereby. It also contained the following provision:

"This policy is made and accepted subject to the foregoing stipulations and conditions; * * * and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy

except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

It will be observed that the first clause of the above quotation, "This policy is made and accepted subject to the foregoing stipulations and conditions," and also the clause as to the waiver of such stipulations and conditions, are substantially identical with the provisions in the case at bar on the same subjects, and, in the former case, the court held that the requirement as to notice was a condition precedent, and its nonperformance a bar to plaintiff's recovery. From the opinion of the court I extract the following:

"The condition in the policy requiring immediate notice of loss was a precedent one, and its nonperformance was a bar to the plaintiff's recovery. Sherwood v. Insurance Co., 10 Hun, 593, 595; Insurance Co. v. McGookey, 33 Ohio St. 555. If it were admitted, which it is not, that the letter of Kelsey to the defendant constituted a notice of loss, still, as it was not written until 33 days after the fire occurred, it was not a compliance with the requirements of the policy to give immediate notice. Inman v. Insurance Co., 12 Wend. 460; Brown v. Assur. Corp., 40 Hun, 101; Trask v. Insurance Co., 29 Pa. St. 198; Edwards v. Insurance Co., 75 Pa. St. 378; Roper v. Lendon, 1 El. & El. 825; Cornell v. Insurance Co., 18 Wis. 387; Whitehurst v. Insurance Co., 52 N. C. 433; Assurance Co. v. Burwell, 44 Ind. 460. In most of the cases cited the provision in the policy was that the insured should 'forthwith' give notice of loss, while in the policy in suit the insured was required to give 'immediate' notice; yet it was held in those cases that an omission to give such notice for a time varying from 6 to 40 days was not a compliance with the requirements of the policy, and barred a recovery. We think the plaintiff failed to give the defendant the notice of its loss required by the policy, and that such a failure was a bar to this action."

This decision, made by the supreme court of the state of New York, was affirmed by the court of appeals of said state.

In Ostrand. Ins. § 221, above cited, it is said:

"It is almost without exception a requirement of the insurance policy that, on the occurrence of a loss, the insured shall give immediate notice in writing. In some policies, a definite time is specified within which the notice must be given, as 'five days' or 'ten days.' If the insured neglects to comply with the terms of this condition, it will be at his peril. The requirement is as reasonable as it is imperative, and has been enforced with great strictness by the courts."

The allegations of the complaint, that the defendant was, in the month of May, 1892, fully advised and informed of the breaches of the bond, and the loss resulting therefrom, do not, in my opinion, excuse plaintiff's failure to give the prescribed written notice of the fraudulent acts of the employé, and said failure is such nonperformance of the contract on the part of the plaintiff as to defeat its recovery.

The conclusions above announced make it unnecessary for me to pass upon the other objections to the complaint. Demurrer will be sustained, and leave granted to the plaintiff to amend within 10 days, if it shall be so advised.