## WACHOVIA BANK & TRUST CO. v. INDEPENDENCE INDEMNITY CO.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1930.

No. 2897.

W. M. Hendren, of Winston-Salem, N. C., for appellant.

F. P. Hobgood, Jr., of Greensboro, N. C., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

WADDILL, Circuit Judge. This is an appeal from a judgment of the District Court of the United States for the Middle District of North Carolina, at Winston-Salem, rendered in an action by the receiver of a defunct bank, appellant here, to recover on a bond insuring the fidelity of its president, which action was dismissed upon a directed verdict. The facts are as follows:

On April 26, 1926, the Merchants' Bank & Trust Company was closed by the banking department of the Corporation Commission of North Carolina, and on June 16, 1926, the Wachovia Bank & Trust Company was named as permanent receiver. Pursuant to an order of court, in October, 1926, the receiver arranged for an audit of the Merchants' Bank & Trust Company, and in the month of December, 1926, received information from the auditors indicating misappropriation, misapplications, and embezzlement of sums of money by Thomas Maslin, the president of the bank. Receivership affairs were under the general supervision of R. G. Stockton, one of the trust officers of the Wachovia Bank & Trust Company, the details being looked after by Thomas H. Haskins, one of its auditors.

Concurrent with the appointment of the receiver, the banking department of the Corporation Commission of the state delivered to the receiver all of the books, records, and papers of the bank, which had come into its possession, and included among such records was a package of fidelity bonds, some written with the National Surety Company, and some with the appellee indemnity company. Among these fidelity bonds so coming into the possession of the receiver were two on Thomas Maslin, one dated November 16, 1921, and one dated November 24, 1925, both in the National Surety Company. The bonds with the appellee company covered two employees of the bank, Bertha Long and C. R. Masten.

J. S. Dunn was the Winston-Salem agent of the National Surety Company, save for the period from November, 1924, to November, 1925, when he gave up that agency and accepted the agency of the appellee company, which agency was in turn surrendered in the fall of 1925, when he resumed the agency of the National Surety Company. Within a day or two after the receiver took charge of the bank, Thomas Haskins took all of the fidelity bonds of which he had any knowledge to J. S. Dunn, with the request that he check them and advise Haskins those that were in force and those that had been superseded. Dunn did this, returning the bonds, indicating one of the National Surety Company's bonds as being in force, and one as superseded. At the trial the witness Haskins testified that he said nothing to Mr. Dunn at this time about a bond on Maslin in the appellee company, as at that time he did not know anything about Mr. Dunn's connection with the appellee company, and Mr. Dunn did not mention it.

After the receiver was advised of the misappropriations of Maslin, acting upon the assumption that the National Surety Company was the only company with which the bank had any fidelity bonds on Maslin, it filed a claim, in December, 1926, with the National Surety Company for reimbursement in the full amount of the misappropriations, etc., as shown by the audit. Pursuant to an understanding with Mr. Pond, representative of the National Surety Company, instead of undertaking to set out the various items in the claim filed, there was delivered to him, in support of the claim, a copy of the audit. On September 19, 1927, the National Surety Company wrote a letter to counsel for the receiver, advising that it had discovered that during the period of November 16, 1924, to November 16, 1925, it was not surety on Maslin's fidelity bond. This was the first knowledge receiver had of the existence of the bond in suit. Mr. Haskins went to see Mr. Dunn for verification, and was then advised that for the period of November, 1924, to November, 1925, the appellee company was on Maslin's bond. Thereupon the receiver, on September 29, 1927, nine months after the discovery of the defalcations, gave notice to the appellee company of the loss and its claim. No trace of the bond in suit was ever found among the books and papers of the bank.

The bond sued on contained the following provision, among others:

"Provided, however, and upon the following express conditions:

"First—That the employer shall within a reasonable time and at all events not later than thirty days after discovery of loss hereunder, notify the surety thereof at its home office."

The appellee, Independence Indemnity Company, defendant below, denied liability on the bond sued on because of failure to notify in accordance with the provision of the bond, whereupon the receiver, appellant here, brought suit. At the conclusion of all the evidence, the trial court, upon motion of the defendant surety company, directed a verdict in favor of defendant, and entered judgment thereon, from which this appeal is taken. Error is assigned to the action of the trial court in sustaining objections of defendant to certain evidence, in directing a verdict in favor of defendant, and in entering and signing a judgment for the defendant, dismissing the action.

A careful consideration of the assignments of error will readily show them all to be without merit. The first assignment is to the court's refusal to admit certain testimony relating to the financial condition of the president of the defunct bank, and for the faithful conduct of whom the appellee bonding company executed the fidelity bond sued on. The issue under consideration was, whether liability existed in favor of the plaintiff under the bond in suit, for the alleged liability, or shortage in the accounts of the bank's ex-president, and not whether he was solvent or insolvent generally. Bond, doubtless, might have been executed under which the proposed inquiry would have been pertinent, for instance, where the conditions under which liability existed were severable or uncertain, or where the meaning of the undertaking was ambiguous or indefinite. Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; National Surety Co. v. Long (C. C. A.) 125 F. 887. But here, under the express terms and conditions upon which liability existed, and was sought to be enforced, the inquiries were wholly irrelevant and immaterial.

The second assignment of error relates to the merits of the case and the conditions upon which the right of recovery is predicated. It is made plain, upon the mere reading of the bond, and in as few words as possible, that liability should exist only upon the express condition: "First—That the employer shall within a reasonable time and at all events not later than thirty days after discovery of loss hereunder, notify the surety thereof at its home office." Indisputably the

loss arose under the bond, and for the full face value thereof, of $10,000, and the question to be determined is: Was proper notice given by the insured of the loss arising under the bond? Manifestly and indisputably, so far as the facts are concerned, it was not. Maslin's defalcation was known early in December, 1926, and notice thereof was not given to the surety company appellee, until September 29, 1927, some 9 months thereafter. This action, in failing to give notice of the defalcation of Maslin, within a proper time, was inexcusable, and the failure so to do within 30 days from the date of the discovery of loss is conclusive of the right of the plaintiff to recover upon the bond in suit. In this case, the right of recovery is dependent upon the condition precedent so expressly stated upon the face of the bond, viz. that notice of the defalcation should be given within a reasonable time, and at all events not later than 30 days after the discovery of the defalcation and loss.

Authorities treating of the general subject under consideration will be found almost without limit, and they have been cited and commented upon, from the viewpoints of opposing counsel, with much ability and force. Only a few of them, however, need be cited here, as this case falls within a narrow compass, under its own facts and circumstances. National Surety Co. v. Long (C. C. A.) 125 F. 887; New Amsterdam Casualty Co. v. Central Nat. Fire Ins. Co. (C. C. A.) 4 F. (2d) 203; Maryland Casualty Co. v. Bank of England (C. C. A.) 2 F.(2d) 793; Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; Imperial Fire Ins. Co. v. County of Coos, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; American Surety Co. v. Pauly, 170 U. S. 133, 18 S. Ct. 552, 42 L. Ed. 977; Guarantee Co. of North America v. Mechanics' Sav. Bank & Trust Co., 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253.

In New Amsterdam Casualty Co. v. Central Nat. Fire Ins. Co. (C. C. A.) 4 F.(2d) 203, 204, supra, the surety bond contained this provision: "Provided, however, * * * that the obligee, upon learning of any act which may be made the basis of any claim hereunder, written notice thereof shall be mailed to the surety * * * within thirty days after so learning of any such act." Notice was not given within the required time and the court held this failure fatal. The contention of the obligee was that it had exercised due care to give the notice and that that was all the law required. As to this, the court, quoting from National Surety Co. v. Long (C. C. A.) 125 F. 887, supra, said:

"The care or negligence with which an obligor, who fails, seeks to perform his contract, is no defense to an action for damages for his failure. The only test of the right to recover in such an action is the existence of the breach of the covenant. * * * The very purpose of a promise or of a covenant is to relieve the obligee of all inquiry relative to the care or negligence with which the obligor acts in its fulfillment, and to impose upon the latter the absolute obligation to perform it."

In Maryland Casualty Co. v. Bank of England (C. C. A.) 2 F.(2d) 793, 796, supra, the defense was that there had been a breach of one of the conditions of the surety bond in suit. This was denominated in the bond, as in the instant case, an "express condition" and related to certain "monthly comparisons" which the obligee covenanted to, and failed to make. The court said: "As the bond expressly provided that it should fail if these monthly comparisons were not made and as they were not made, the bank cannot recover."

The evidence in this case demonstrates that the appellant was not entitled to recover, and hence that the trial court was correct in its rulings, and in instructing judgment in appellee's favor thereon, as it was also in entering its judgment dismissing the appellant's case. The judgment of the trial court is affirmed, with costs to the appellee.

Affirmed.