**MURRAY v. AMERICAN SURETY CO. OF NEW YORK.**

**No. 7265.**

Circuit Court of Appeals, Fifth Circuit.

March 8, 1934.

148

John H. Carter and John H. Carter, Jr., both of Marianna, Fla., for appellant.

Charles Cook Howell and John L. Doggett, both of Jacksonville, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, as receiver for a failed bank, sued appellee as surety upon a bond for the fidelity of the bank's president. The bond was canceled May 25, 1930, and by its terms covered only losses sustained before the date of cancellation and discovered before the expiration of one year after that date. Another provision of the bond was: "Section 16. This bond is subject to the following express conditions: At the earliest practicable moment and at all events not later than ten days after the insured shall discover any loss thereunder, the insured shall give the underwriter notice thereof by registered letter or telegram addressed to it at its home office. * * *" The bank failed February 2, 1931, and the receiver on April 10, 1931, discovered the losses sued for. On June 10, 1931, he sent the surety a registered letter, saying: "An investigation now being conducted into the affairs of the bank with reference to the activities of Mr. A. A. Payne, former president of the institution, reveals numerous misapplications and abstractions resulting in loss to the bank," for which claim under the bond was duly made. The surety by its manager acknowledged the receipt of the claim, and said: "In reply I wish respectfully to advise that this Company cannot entertain any claim nor accept liability, because of the cancellation of our bond and the expiration of the time limit for the discovery of the claim."

Quotation was made of the provision requiring discovery of the loss within a year from cancellation, and no reference was made to section 16 touching prompt notice. The receiver by his attorney answered: "I beg to advise that we cannot agree with you that your Company is not liable for the misapplications and abstractions mentioned per force of the provision of the bond which you quote, being section 2. Since you deny liability outright the receiver feels that it is his duty to file suit on the bond." On November 25, 1931, suit was filed, and in it for the first time it was disclosed that the losses had been discovered on April 10th. The surety then pleaded section 16 and that notice of the losses discovered on April 10th had not been given within ten days and that such notice was a condition of liability. The receiver relied on the correspondence above quoted as a waiver of the notice. The court, hearing the case by consent without a jury, gave judgment for the defendant and the receiver appeals. The questions appropriately raised both by rulings on the pleadings and by a motion for judgment on the evidence are: First, whether notice in ten days is a condition of liability; and, second, whether the notice was waived or the surety estopped to insist on it.

█ The bond was in its substance premium-paid insurance against loss. Its stipulations are analogous to those in insurance policies. It is of great importance to the surety to get prompt notice of a claim, that investigation may be made and that the misapplied property may be recovered, and that the defaulter may be proceeded against. The stipulation for notice is here associated with agreements about time limitation for suit and is introduced by the words: "This bond is subject to the following express conditions." The plain meaning is that the liability on the bond is conditioned on performance of what follows. There is no ambiguity to be resolved in favor of the insured. If this stipulation were a covenant whose breach is remediable by the allowance of damages, it would seldom be possible to ascertain what damage did result from not giving notice within the time limit. Stipulations for notice are common in insurance contracts and are usually enforced literally and as conditions. California Savings Bank v. American Surety Co. (C. C.) 87 F. 118; Travelers' Insurance Co. v. Nax (C. C. A.) 142 F. 653; New Amsterdam Casualty Co. v. Central Insurance Co. (C. C. A.) 4 F.(2d) 203; Callen v. Massachusetts Protective Association (C. C. A.) 24 F.(2d) 694; Maryland Casual-

ty Co. v. Massey (C. C. A.) 38 F.(2d) 724, 71 A. L. R. 1428; Wachovia Bank & Trust Co. v. Independence Indemnity Co. (C. C. A.) 37 F.(2d) 550; St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co. (C. C. A.) 40 F.(2d) 344; American Surety Co. v. Bankers' Savings & Loan Co. (C. C. A.) 67 F.(2d) 803. Though not strictly in point, the following cases support the general conclusion: Guarantee Company of North America v. Mechanics' Co., 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253; American Surety Co. v. Pauly, 170 U. S. 133, 18 S. Ct. 552, 42 L. Ed. 977; Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386, 390, 19 L. Ed. 257. In the last named case it is said: "It is clearly for the interest of insurance companies that the extent of losses sustained by them should be speedily ascertained, and it is equally for the interest of the assured that the loss should be speedily adjusted and paid. The conditions in policies requiring notice of the loss to be given, and proofs of the amount to be furnished the insurers within certain prescribed periods, must be strictly complied with to enable the assured to recover. And it is not perceived that the condition under consideration stands upon any different footing. The contract of insurance is a voluntary one, and the insurers have a right to designate the terms upon which they will be responsible for losses."

This defense was certainly not intentionally waived because it was not known. The letter of the receiver on June 10, 1931, referred to "the investigation now being conducted," and, since the bond required notice at the earliest practicable moment, the natural inference was that the loss had just been discovered. If so, the surety was not liable because the discovery was not within a year from May 25, 1930, and nondiscovery in time was apparently the proper defense. The misapprehension was not corrected by the next letter from the receiver's attorney, which did not inform the surety that the discovery had in fact occurred within the year, which information, if given, would have made apparent the defense of failure to notify within ten days, but the surety's mistake was rather encouraged by silence, and then sought to be taken advantage of in the suit when waiver of notice was set up in the declaration to excuse the want of it. When for the first time the defense of want of notice was thus disclosed, the surety promptly took advantage of it.

Neither is there estoppel against urging it. The time for giving notice was long since past on June 10th. The receiver was not misled in any way to his injury. He did not omit to give a notice because he was led to think it would not be required, nor was he led to undertake any labor or expense in that belief. If any one was misled, it was the surety company, and as to a fact lying peculiarly within the receiver's knowledge. The judge did not err in sustaining the defense.

Judgment affirmed.