14054, 14128

PLANTER'S SAVINGS BANK OF GREER v. AMERICAN SURETY CO. OF NEW YORK

(181 S. E., 223)

*Messrs. Lyles & Daniel,* for appellant,

*Messrs. Carlisle, Brown & Carlisle,* for respondent,

April 27, 1935.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This cause is a suit on what is called a "Bankers' Blanket Bond," which was issued by appellant to respondent bank, and which covered certain of respondent's employees, including its vice-president. Those portions of the bond pertinent to the issues on this appeal are as follows:

"Section 1. The American Surety Company of New York, a corporation of the State of New York, with its home office in the City of New York, New York, hereinafter called the underwriter, in consideration of an annual premium agrees to indemnify Planters Savings Bank, Greer, South Carolina, hereinafter called the insured, against the direct loss, sustained while this bond is in force and discovered as hereinafter provided, of any money or securities, or both, as defined in Section 5 hereof, in which the insured has a pecuniary interest, or held by the insured as collateral, or as bailee, trustee or agent, and whether or not the insured is liable therefor (such money and securities being hereafter called property) in an amount not exceeding Twenty-Five Thousand and No/100 Dollars ($25,000.00) as follows:

"A. Through any dishonest act, wherever committed, of any of the employees, as defined in Section 6 hereof, whether acting alone or in collusion with others.   *   *   *

"Sec. 16. This bond is subject to the following express conditions:

"At the earliest practicable moment, and at all events not later than ten days, after the insured shall discover any loss hereunder, the insured shall give the underwriter notice thereof by registered letter or telegram, addressed to it at its home office, and shall also, within three months after such discovery, furnish to the underwriter at its home office affirmative proof of loss, with full particulars."

On this bond suit was brought by the bank against the surety company in the County Court of Spartanburg County for an alleged shortage on the part of one J. E. Gibson, its vice-president, in the sum of $1,314.61, together with certain items of interest. The record shows that the surety company

had paid under the terms of the bond the sum of $18,401.41 on October 6, 1932, and also $211.12 on December 18, 1932, but had denied liability for the items making up the sum for which this suit was commenced. Trial resulted in a verdict for the bank against the surety company in the sum of $1,964.61, aggregating the total amount sued for together with the interest items.

This appeal is from the charge to the jury and from the oredr refusing a motion for a new trial.

Error is assigned in that the jury were charged that "plaintiff must be. able to furnish an affirmative proof of any loss that he finds, and until you find that he had sufficient information to justify his claim under the bond by furnishing affirmative proof so as to be enabled to collect, until then the bond is not breached; but the bond is not breached until you find from the facts as you believe them to be that the plaintiff was able to comply by showing affirmative proof of the breach of the bond."

Appellant charges error in that this charge, in effect, left it within the discretion of the plaintiff as to when notice should be given the defendant, and when the claim should be filed; whereas, the terms of the bond made it imperative that notice be given within ten days after date of discovery and that the claim be filed within ninety days from the date of discovery.

The record shows that shortly before the above statement the trial Judge charged the jury that any shortage complained of by the plaintiff must come within the terms of this bond; that is, through any dishonest act wherever committed of any of the employees as defined in this bond. "I charge you," said he, "that if there is found a shortage, the provisions of this bond must be further complied with, in that 'it must be reported to the company at the earliest practicable moment, and at all events not later than ten days after the insured shall discover any loss hereunder, the in-

sured shall give the underwriter notice thereof by registered letter or telegram, addressed to it at its home office.' " .

We are of the opinion that the charge as a whole correctly stated the principles of law involved and that this exception should be dismissed.

Exception is made to the inclusion in the judgment ██ of a certain item in the sum of $354.12. It seems that in March, 1931, the bank examiner's report contained the following item: "Shortage—cash charge—$354.12." And the record shows that the vice-president, J. E. Gibson, was in charge of the control cash account, and that this was a shortage chargeable against him. At that time the bank made no report to the appellant bonding company, claiming to have no reason to think that this shortage involved any dishonesty on the part of its vice-president, so as to render it a loss covered by the bond. It was considered as an error, and was entered as an "outage" on a blotter kept by the bank for the purpose of carrying the long and short items that occurred from time to time that made up a variable total, and if due to error, generally corrected themselves in course of time.

Finally on January 25, 1932, the bank examiner made another audit of the bank, and the examination revealed that Gibson was short in the sum of $19,977.72, including a cash shortage of $876.02. The bank gave notice under the terms of the bond on February 2, 1932.

We are of the opinion that the respondent bank is not entitled to the inclusion of this item of $354.12 nor of interest thereon in its judgment against the appellant bonding company.

The bond provides that in case the bank should discover a loss caused by the dishonest act of an employee, that it shall at the earliest practicable moment, and at all events not later than ten days after the discovery of such loss, give the bonding company notice thereof.

This provision is reasonable. If its terms are complied with in every instance, both banks and bonding companies would probably gain by the minimizing of losses; if not complied with, both would probably be losers thereby.

The right of recovery under this bond is dependent upon this condition precedent, *Wachovia Bank, etc., v. Indemnity Co., 37 F. (2d), 550* (Fourth Circuit Court of Appeals).

If, on the one hand, this item of $354.12 is the result of Gibson's dishonesty, respondent bank was put upon inquiry in March, 1931, by the bank examiner's report: "Shortage— cash charge—$354.12." The bank paid no attention to this notice in the bank examiner's report. An investigation would have undoubtedly revealed the cause of the shortage. The bonding company was entitled to this investigation by the bank and to notice of any loss caused by dishonesty.

If, on the other hand, this item of $354.12 was the result of some harmless error, and not caused by any dishonesty, the bonding company is of course not liable.

It is therefore the judgment of this Court that the judgment of the Circuit Court be modified, as herein expressed, and in other respects it be affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.

ON PETITION FOR REHEARING AUGUST 13, 1935

MR. JUSTICE BONHAM:

An opinion of this Court in this case was filed April 27, 1935, by which the judgment of the Circuit Court was modified in this particular, viz.: The Circuit Court judgment included an item of $354.12 and interest thereon. The opinion of this Court affimred the judgment of the lower Court, save in this particular, in regard to which it said: "We are of opinion that the respondent bank is not entitled to the inclusion of this item of $354.12, nor of interest thereon, in its judgment against the appellant bonding company."

The judgment of the Court was in these words: "It is, therefore, the judgment of this Court that the judgment of the Circuit Court be modified, as herein expressed, and in other respects it is affirmed."

May 2, 1935, the respondent filed a petition for rehearing alleging, among other things, that: "That the Supreme Court in modifiying the judgment of the lower Court without granting the option of a new trial *nisi* to plaintiff overlooked that this is a law case in which the Court is without power to change the verdict of the jury without granting the party adversely affected thereby the option of a new trial *nisi.*"

In a *per curiam* order, the Court granted the petition and the case was heard on rehearing at the June, 1935, term of the Court. The Court is satisfied with the opinion heretofore filed except as to the disposition of the case made by the announcement of the judgment of the lower Court, to wit, that "the judgment of the Circuit Court be modified as herein expressed."

The Court has no power to add to or reduce the amount found by the judgment of a lower Court without giving to the party adversely affected thereby the option of a new trial.

This question was lately fully considered and decided by this Court in the case of *Anderson v. Ætna Casualty & Surety Co.,* 175 S. C., 254, 178 S. E., 819, 833.

Mr. Acting Associate Justice Ramage, in an able opinion on the rehearing, collated the authorities, and announced the unanimous opinion of this Court in these words: "Under the law, as above cited, and under the facts as developed in this case, we find that the Court has no power to increase the amount found by the lower Court."

We may add that the same authorities show that this Court has no power to reduce the amount found by the Circuit Court.

The opinion heretofore filed is amended by striking out the language, "It is, therefore, the judgment of this Court that the judgment of the Circuit Court be modified, as herein expressed, and in other respects it be affirmed," and inserting in lieu thereof the following: It is the judgment of this Court that a new trial is granted unless the respondent, within ten days after the remittitur is filed in the office of the Clerk of Court for Spartanburg County, shall enter on the record of the judgment in this case a remission of the sum of $354.12, and the interest allowed thereon. If such remission be entered, the judgment of the Circuit Court is in other respects affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.